**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YVONNE LATTIMORE,<br><br>Defendant. | Case No.  19-cr-00046-BLF<br><br>**ORDER RE PARTIES' MOTIONS** ***IN LIMINE*** **AND GOVERNMENT'S MOTION TO AMEND INDICTMENT**<br><br>[Re:  ECF 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 150] |

Plaintiff United States of America ("the Government") asserts that Defendant Yvonne Lattimore ("Lattimore") defrauded the Social Security Administration for more than five years, obtaining money by materially false and fraudulent pretenses, representations, and promises.  *See* Indictment, ECF 1.  Lattimore is charged with three counts of Wire Fraud in violation of 18 U.S.C. § 1343, three counts of Mail Fraud in violation of 18 U.S.C. § 1341, and two counts of Supplemental Security Income Fraud in violation of 42 U.S.C. § 1383a(a)(2).  *See id.*  She also is subject to a forfeiture allegation pursuant to 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461.  *See id.* Trial on those charges is scheduled to commence on Friday, January 6, 2023.

The Court held a Final Pretrial Conference on December 8, 2022, at which time it issued oral rulings on the parties' motions *in limine* and the Government's motion to amend the Indictment.  The Court's rulings are summarized below.

United States District Court
Northern District of California

## GOVERNMENT'S MOTIONS

**(1)      Government's Motion *in Limine* No. 1 to Admit 404(b) Evidence (ECF 133)**

Under Federal Rule of Evidence 404(b), the Government moves to admit evidence related to Lattimore's prior criminal convictions from 1999 and 2001, and to her alleged act of forging a letter from a government official.  Lattimore opposes the motion, arguing that neither the prior convictions nor the alleged forged document should be admitted in this case.

Rule 404(b) governs admission of "[e]vidence of any other crime, wrong, or act."  Fed. R. Evid. 404(b).  Such evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The Ninth Circuit has articulated a four-part test to be utilized by district courts in deciding whether to admit evidence of a prior crime, wrong, or act.  *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).  "In making admissibility decisions, the [district] court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged."  *Id*. (internal quotation marks and citation omitted); *see also United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (discussing four-part test).  If evidence is found to be admissible under Rule 404(b), "the district court must determine whether the probative value of admission outweighs the prejudice to the defendant" under Federal Rule of Evidence 403.  *Vo*, 413 F.3d at 1018.

Applying these legal standards, the Court addresses in turn the Government's requests to admit Lattimore's prior criminal convictions from 1999, her prior criminal conviction from 2001, and her alleged act of forging a letter from a government official.

### Prior Criminal Convictions from 1999

In 1999, Lattimore was convicted in the Monterey County Superior Court on 9 of 13 charged counts:  Counts 1-3 under California Penal Code § 550 (fraud); Counts 4-5 under

United States District Court
Northern District of California

1  California Penal Code § 487(a) (grand theft exceeding $400); Count 6 under California Welfare

2  and Institutions Code § 10980(c)(2) (welfare fraud); Count 7 under California Penal Code § 118

3  (perjury); and Counts 8 and 11 under California Penal Code § 470 (forgery of license/ID).  *See*

4  Gov't Ex. 1, ECF 133-1.  The Court finds that the four-part test set forth above is satisfied with

5  respect to Count 6 (welfare fraud) and Count 7 (perjury), but not as to the other counts.

6          With respect to part one of the test, materiality, the Government argues that all nine prior

7  convictions tend to prove material elements of the offenses charged in the present case,

8  specifically the knowledge and "intent to defraud" elements of the wire and mail fraud charges

9  (Counts 1-6), Ninth Circuit Model Jury Instructions 15.32, 15.35 (2022), and the "knowingly and

10  willfully" element of the SSI fraud charges (Counts 7-8), 42 USCA § 1383a(a).  Lattimore argues

11  that most of the 1999 convictions relate to insurance fraud, and that only the convictions on

12  Counts 6 (welfare fraud) and Count 7 (perjury) are even potentially relevant here.  The Court is

13  satisfied that Lattimore's prior convictions for welfare fraud and related perjury, which involved

14  making false statements to obtain a financial benefit, tend to prove the knowledge and intent

15  elements of the current charges.  A reasonable jury could find that any notion that Lattimore's

16  misreporting to the Social Security Administration in this case was due to mistake or ignorance

17  may be undermined by her convictions arising from misreporting to a state welfare agency, which

18  informed her of the importance of compliance with reporting requirements.  The Court finds

19  unpersuasive Lattimore's argument that the prior convictions are not probative because they

20  involved welfare fraud on a state agency while the present case involves welfare fraud on a federal

21  agency.  However, the Court agrees with Lattimore that the other 1999 convictions are less

22  material because they do not directly relate to welfare fraud or fraud on a government body.

23          As to part two of the test, remoteness, the Court notes that the 1999 convictions occurred

24  approximately thirteen years before the commencement of the conduct charged in the present case,

25  and approximately twenty years before the current Indictment issued.  The Ninth Circuit "has not

26  identified a particular number of years after which past conduct becomes too remote."  *Johnson*,

27  132 F.3d at 1283.  "Rather, [d]epending upon the theory of admissibility and the similarity of the

28  acts ... some remote acts may be extremely probative and relevant."  *Id*. (internal quotation marks

and citation omitted, alterations in original).  In the Court's view, the prior convictions for state welfare fraud and related perjury are sufficiently similar to the charged conduct to render them probative despite the passage of time.  *See Vo* (thirteen-year old drug conviction admissible under Rule 404(b)); *Johnson* (prior bad act evidence admissible despite passage of thirteen years).  The same cannot be said for the other 1999 convictions, however, which did not involve welfare fraud. That those convictions involved other types of fraud is not sufficient to render them probative given the thirteen-year gap between the convictions and the commencement of the conduct charged here.

There is no issue about part three of the test, the sufficiency of evidence of the prior bad act, because Lattimore was convicted in state court.

With respect to part four of the test, similarity, the prior convictions relating to state welfare fraud and the current charges relating to federal welfare fraud are very similar.  The prior convictions relating to other types of fraud, not involving welfare benefits, are less similar to the current charges.

In summary, the Court finds that Lattimore's 1999 convictions on Count 6 (welfare fraud) and Count 7 (perjury) are admissible under Rule 404(b), but her other 1999 convictions are not admissible under Rule 404(b).  The Court finds unpersuasive Lattimore's argument that her prior convictions are offered solely as propensity evidence, and expressly finds that the convictions on Count 6 (welfare fraud) and Count 7 (perjury) are admissible for proper purposes under Rule 404(b) as discussed herein.

The Court next considers whether the probative value of the 1999 convictions on Count 6 (welfare fraud) and Count 7 (perjury) outweighs the prejudice to Lattimore under Rule 403.  *See Vo*, 413 F.3d at 1018.  The prior convictions are highly probative of material elements of the charged offenses, including knowledge and intent, and involve very similar conduct.  Moreover, because the Court has determined that only Counts 6 and 7 of the 1999 convictions are admissible, there is no risk that the jury will become overwhelmed by cumulative evidence of prior convictions.  Lattimore argues that she will be denied a fair trial if the prior convictions are admitted, because a jury will simply convict her of the current charges based on her criminal

United States District Court
Northern District of California

1     record.  Lattimore offers no factual or legal support for that argument, and in the Court's view the

2     convictions on Count 6 (welfare fraud) and Count 7 (perjury) are not of the type likely to inflame

3     the jury.  Accordingly, the Court concludes that the probative value of the 1999 convictions on

4     Count 6 (welfare fraud) and Count 7 (perjury) outweighs the prejudice to Lattimore under Rule

5     403.

6          The motion is GRANTED as to Lattimore's 1999 convictions on Count 6 (welfare fraud)

7     and Count 7 (perjury) and DENIED as to Lattimore's 1999 convictions on Counts 1-5, 8, and 11.

8          **Prior Criminal Conviction from 2001**

9          In 2001, Lattimore pled nolo contendere to and was convicted of one count of making a

10    false financial statement under California Penal Code § 532a(1).  *See* Gov't's Ex. 2, ECF 133-1.

11    The conviction did not involve welfare fraud.

12         Applying the four-part test discussed above, the Court finds that the 2001 conviction is not

13    admissible under Rule 404(b).  With respect to part one of the test, materiality, the Court is not

14    persuaded that Lattimore's conviction of making a false financial statement in a context other than

15    welfare fraud is probative of her knowledge or intent regarding the current charged offenses.  As

16    to part two of the test, remoteness, the conviction occurred approximately twelve years before the

17    conduct charged here and approximately eighteen years before the current Indictment issued.

18    There is no issue about part three of the test, the sufficiency of evidence of the prior bad act,

19    because Lattimore was convicted in state court.  With respect to part four of the test, similarity, the

20    prior conviction is not particularly similar to the charged conduct, other than the fact that both sets

21    of offenses involve fraud.  The Court concludes that the 2001 conviction is not sufficiently similar

22    to the current charged offenses to overcome the lengthy passage of time.

23         Even if the Court were to find the 2001 conviction admissible under Rule 404(b), the Court

24    would exclude it under Rule 403.  The probative value of the 2001 conviction is low, and the

25    cumulative effect of admitting the 2001 conviction in addition to the 1999 convictions would be

26    unduly prejudicial to Lattimore.

27         The motion is DENIED as to Lattimore's 2001 conviction.

28

United States District Court
Northern District of California

1  **Alleged Act of Forging a Letter from a Government Official**

2  The Government seeks admission of a forged letter dated May 31, 2013, purportedly from

3  "Prosecuting Attorney" Megan Carter to Lattimore's landlord.  *See* Gov't's Ex. 3, ECF 133-1.

4  The letter requests that all correspondence for Lattimore be sent to a new mailing address.  *See id*.

5  It is not clear how or if the letter relates to Lattimore's alleged scheme to defraud the Social

6  Security Administration.  Megan Carter, a Deputy District Attorney, denies authoring the letter.

7  With respect to part one of the applicable test, materiality, the Government argues that the

8  letter shows Lattimore's ability and willingness to forge documents.  Lattimore is not charged with

9  forgery, although the Government does assert that she forged medical and financial documents in

10  furtherance of her scheme to defraud the Social Security Administration, as discussed below.  The

11  Court therefore finds that the letter would be modestly probative of material elements of the

12  currently charged offenses, including knowledge and intent.  The forged letter is not remote in

13  time for purposes of part two of the test, as it is contemporaneous with the currently charged

14  conduct.  The Court is satisfied that the Government can establish that Lattimore forged the letter

15  as required under part three of the test, based on the Government's representations that it will

16  produce evidence that the letter was discovered in the possession of Lattimore's landlord and was

17  not authored by Megan Carter.  With respect to part four of the test, similarity, the forged letter is

18  not similar to charged conduct in that it appears to be unrelated to welfare fraud or an attempt to

19  obtain financial benefit.  Considering all these factors, the Court finds the letter is admissible

20  under Rule 404(b) because it has some probative value regarding material elements of the charged

21  offenses, it is contemporaneous with the charged conduct, and the Court is satisfied that the

22  Government can establish that Lattimore forged the letter.

23  The Court next considers whether the probative value of the forged letter outweighs the

24  prejudice to Lattimore under Rule 403.  *See Vo*, 413 F.3d at 1018.  As discussed above, the Court

25  finds that the letter has modest probative value.  However, its admission would be highly

26  prejudicial to Lattimore, as a jury likely would be shocked by evidence that Lattimore forged a

27  document from a deputy district attorney.  The Court has grave concerns that a jury would decide

28  that if Lattimore would forge a letter from a prosecutor, she would have no qualms about

United States District Court
Northern District of California

1    committing welfare fraud.  Accordingly, the Court concludes that the probative value of the forged

2    letter is outweighed by the prejudice to Lattimore under Rule 403.

3           The motion is DENIED as to the forged letter.

4           In summary, the Government's Motion *in Limine* No. 1 is GRANTED as to Lattimore's

5    1999 convictions on Count 6 (welfare fraud) and Count 7 (perjury) and DENIED as to Lattimore's

6    other 1999 convictions; DENIED as to Lattimore's 2001 conviction; and DENIED as to the forged

7    letter.

8    **(2)    Government's Motion *in Limine* No. 2 to Admit Evidence Inextricably Intertwined**

9    **With the Charged Offenses (ECF 134)**

10          The Government moves to admit, subject to the laying of proper foundation, evidence of

11   forged medical documentation and forged statements of earnings as evidence inextricably

12   intertwined with the charged offenses, without regard to Rule 404(b).  Lattimore opposes the

13   motion, arguing that the documents at issue are not inextricably intertwined with the charged

14   offenses and therefore should be evaluated for admissibility as prior bad acts under Rule 404(b).

15   Lattimore contends that the documents are not admissible under the four-part test used under Rule

16   404(b).

17          Evidence of "other acts" may be admissible without meeting the requirements of Rule

18   404(b) where the evidence is "inextricably intertwined" with the charged offense.  *United States v.*

19   *Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).  The Ninth Circuit has allowed evidence

20   to be admitted under this exception to Rule 404(b) when "it constitutes a part of the transaction

21   that serves as the basis for the criminal charge," or when it is "necessary to do so in order to

22   permit the prosecutor to offer a coherent and comprehensible story regarding the commission of

23   the crime."  *Id*. at 1012-13.

24          The Government claims that the forged medical documents were used to inflate

25   Lattimore's true medical needs and thereby maintain or increase the IHSS payments that she

26   obtained.  The Government claims that Lattimore used forged earnings statements to either inflate

27   or deflate her apparent income, depending on the situation.  Lattimore allegedly inflated her

28   earnings when applying for her apartment, but deflated her earnings when reporting to the Social

United States District Court
Northern District of California

1   Security Administration.  The Court finds that the forged medical and financial documents are

2   inextricably intertwined with the charged offenses, as they are part and parcel of the alleged

3   scheme to defraud and necessary to permit the Government to offer a coherent and

4   comprehensible story regarding that scheme.  The Court finds unpersuasive Lattimore's argument

5   that the documents cannot be inextricably intertwined with the charged offenses because the

6   forged records are not specifically alleged in the Indictment.  The Government need not allege

7   with specificity every act taken in furtherance of the alleged scheme to defraud the Social Security

8   Administration.

9          Having determined that the forged medical documentation and forged statements of

10   earnings are admissible, the Court must determine whether the probative value of the evidence

11   outweighs the prejudice to Lattimore under Rule 403.  *See United States v. King*, 200 F.3d 1207,

12   1215 (9th Cir. 1999) (evidence admissible under inextricably intertwined exception to Rule 404(b)

13   also must be admissible under Rule 403).  The Court finds the forged documents to be highly

14   probative of the charged conduct, and that the probative value far outweighs any prejudice to

15   Lattimore.

16          The motion is GRANTED.

17   **(3)     Government's Motion *in Limine* No. 3 to Exclude References to Punishment in Front**

18           **of the Jury and Jury Nullification (ECF 135)**

19          The Government moves to preclude any mention of Lattimore's potential sentence during

20   any phase of the trial, arguing that such mention could encourage jury nullification.  *See United*

21   *States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995) (it is inappropriate for a jury to consider or be

22   informed of the consequences of their verdict).  Lattimore does not oppose the motion.

23          The motion is GRANTED.

24   **(4)     Government's Motion *in Limine* No. 4 to Preclude Use of Unproduced Evidence**

25           **(ECF 136)**

26          The Government moves to preclude Lattimore from using at trial any material she failed to

27   produce in violation of Federal Rule of Criminal Procedure 16(b), which governs a defendant's

28   disclosure obligations in criminal proceedings.  Lattimore contends that violation of Rule 16(b)

United States District Court
Northern District of California

1    does not constitute a basis to exclude evidence at trial.  However, Lattimore represents that she has

2    no discoverable material at this time and she acknowledges her continuing obligation of disclosure

3    under Federal Rule of Criminal Procedure 16(c).  Given Lattimore's response and the absence of

4    any live dispute, the Court concludes that it would be premature to rule on this motion at this time.

5    In the event that Lattimore seeks to introduce evidence at trial that the Government believes

6    should be precluded, the Government may raise an appropriate objection.

7          The motion is DEFERRED.

8    **(5)      Government's Motion *in Limine* No. 5 to Preclude Use of Information not in**

9              **Evidence (ECF 137)**

10         The Government moves to preclude Lattimore from referencing information not in

11   evidence during her opening statement, closing argument, questioning of witnesses, or at any other

12   time during trial.  In response, Lattimore states that she intends to comply with the Federal Rules

13   of Evidence.  Counsels' opening statements must be based on what they expect the evidence to

14   show.  Neither side may tell the jury a narrative that will not be supported by record evidence.

15   The Court cannot go beyond those admonitions at this time, as to do so would be ruling in a

16   vacuum.  The Court therefore will grant the motion in general, but will not preclude any specific

17   presentations.

18         As so limited, the motion is GRANTED.

19   **(6)      Government's Motion *in Limine* No. 6 to Permit Impeachment with Prior**

20              **Convictions (ECF 138)**

21         The Government seeks leave to impeach potential witness Pamela Henry ("Henry") with

22   evidence of her prior convictions if she is called to testify at trial.  Lattimore opposes the motion.

23         Henry was Lattimore's In-Home Supportive Services ("IHSS") care provider according to

24   Lattimore's IHSS records.  In 2016, Henry pled no contest to one felony count of fraud under

25   California Welfare and Institutions Code § 10980(c)(2) and four felony counts of perjury under

26   California Penal Code § 118(a).  *See* Gov't's Ex. 1, ECF 138-1.  Henry was sentenced to 3 years'

27   probation, 40 days jail (suspended), and restitution.  *See id.*  In 2018, the state court reduced the

28   counts to misdemeanors, granted early termination of probation, allowed Henry's plea to be

1    withdrawn, and dismissed the case pursuant to California's expungement statutes, California Penal

2    Code §§ 1203.4 and 1203.4a.  *See* Gov't's Ex. 2, ECF 138-1.

3         The Government's motion is governed by Federal Rule of Evidence 609, which sets forth

4    the "rules appl[ied] to attacking a witness's character for truthfulness by evidence of a criminal

5    conviction." Fed. R. Evid. 609(a).  "[F]or a crime that, in the convicting jurisdiction, was

6    punishable by death or by imprisonment for more than one year, the evidence . . . must be

7    admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a

8    defendant." Fed. R. Evid. 609(a)(1)(A).  Moreover, "for any crime regardless of the punishment,

9    the evidence must be admitted if the court can readily determine that establishing the elements of

10   the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed.

11   R. Evid. 609(a)(2).

12        Henry's prior convictions are admissible under Rule 609(a)(1)(A), because they were

13   punishable by imprisonment for more than one year and, in the Court's view, the probative value

14   of the convictions outweighs any prejudice to Lattimore.  Further, admission of the prior

15   convictions is mandatory under Rule 609(a)(2), because establishing the elements of fraud and

16   perjury required proof or admission of a dishonest act or false statement.

17        Lattimore urges the Court to exclude Henry's prior convictions under Rule 609(c)(1),

18   which provides that evidence of a conviction is not admissible if "the conviction has been the

19   subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on

20   a finding that the person has been rehabilitated, and the person has not been convicted of a later

21   crime punishable by death or by imprisonment for more than one year." Fed. R. Evid. 609(c)(1).

22   Lattimore concedes that Henry's conviction has not been the subject of a pardon, annulment, or

23   certificate of rehabilitation.  However, she argues that the 2018 dismissal of the charges against

24   her pursuant to California's expungement statutes should be treated as an "other equivalent

25   procedure" under Rule 609(c)(1).

26        Lattimore has not cited any case holding that expungement of a conviction under

27   California Penal Code §§ 1203.4 and 1203.4a qualifies as an "other equivalent procedure" within

28   the meaning of Rule 609(c)(1).  The expungement of Henry's conviction did not eliminate all

10

consequences of it, as Henry is required to disclose the conviction in applications for public office or licensure, and if she is prosecuted for any future offense, the conviction will have the same effect as if probation had not been granted and the case had not been dismissed.  *See* Gov't's Ex. 2, ECF 138-1.  Under these circumstances, the Court declines to find that Henry's conviction falls within Rule 609(c)(1).

The motion is GRANTED.

**(7)     Government's Motion to Amend Indictment (ECF 150)**

The Government moves to amend the Indictment to correct two typographical errors. Lattimore does not oppose the motion.

The motion is GRANTED.

## DEFENDANT LATTIMORE'S MOTIONS

**(1)     Defendant Lattimore's Motion *in Limine* No. 1 to Exclude Evidence Related to the 1999 Prior Conviction (ECF 139)**

Lattimore moves to exclude evidence related to her prior convictions from 1999.  The Government opposes the motion.  The Court has addressed the admissibility of the 1999 convictions above.

The motion is GRANTED as to Lattimore's 1999 convictions on Counts 1-5, 8, and 11, and DENIED as to Lattimore's 1999 convictions on Counts 6-7.

**(2)     Defendant Lattimore's Motion *in Limine* No. 2 to Exclude Evidence Related to the 2001 Prior Conviction (ECF 140)**

Lattimore moves to exclude evidence related to her prior conviction from 2001.  The Government opposes the motion.  The Court has addressed the admissibility of the 2001 conviction above.

The motion is GRANTED.

**(3)     Defendant Lattimore's Motion *in Limine* No. 3 to Exclude Evidence Regarding the Alleged Forged Letter (ECF 141)**

Lattimore moves to exclude evidence of the forged letter dated May 31, 2013, purportedly from "Prosecuting Attorney" Megan Carter to Lattimore's landlord.  The Government opposes the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    motion.  The Court has addressed the admissibility of the forged letter above.

2            The motion is GRANTED.

3    **(4)      Defendant Lattimore's Motion *in Limine* No. 4 to Exclude Evidence Regarding**

4            **Alleged Forged Medical Documentation Provided to IHSS Pursuant to 404(b)**

5            **(ECF 142)**

6            Lattimore moves to exclude evidence of forged medical documentation under Rule 404(b).

7    The Government opposes the motion.  The Court has addressed the admissibility of the forged

8    medical documentation above.

9            The motion is DENIED.

10   **(5)      Defendant Lattimore's Motion *in Limine* No. 5 to Exclude Evidence Regarding**

11           **Forged Earning Statements Pursuant to 404(b) (ECF 143)**

12           Lattimore moves to exclude evidence of forged earning statements under Rule 404(b).  The

13   Government opposes the motion.  The Court has addressed the admissibility of the forged medical

14   documentation above.

15           The motion is DENIED.

16   **(6)      Defendant Lattimore's Motion *in Limine* No. 6 to Exclude Presenting the Indictment**

17           **to the Jury (ECF 144)**

18           Lattimore moves to preclude the Government from presenting the Indictment to the jury.

19   The Government opposes the motion and asks that the Court read the Indictment to the jury at the

20   beginning of trial and/or that a copy of the indictment be sent into the jury room during

21   deliberations.

22           Whether to read the indictment to the jury and whether to send a copy of the indictment

23   into the jury room are decisions within the sound discretion of the trial court.  See *United States v.*

24   *Polizzi*, 500 F.2d 856, 876 (9th Cir. 1974).  In the exercise of its discretion, the Court will grant

25   Lattimore's motion, provided that the parties agree to a neutral statement of the case that can be

26   read to the jury.  At the Final Pretrial Conference, counsel for both sides indicated that they would

27   agree on a neutral statement.

28           The motion is GRANTED.

**(7)   Defendant Lattimore's Motion *in Limine* No. 7 to Exclude Other Crimes Evidence Should Ms. Lattimore Testify (ECF 145)**

Lattimore is considering whether to testify at trial, and she is concerned about potential cross-examination by the Government regarding prior crimes pursuant to Federal Rules of Evidence 608 and 609.  Lattimore asks that the Court order the Government to provide, outside the presence of the jury, a detailed offer of proof of the Rule 608 or Rule 609 material it intends to introduce through the cross-examination of Lattimore.  The Government does not object to providing an offer of proof of Rule 608 or Rule 609 material outside the presence of the jury prior to cross-examining Lattimore, if she testifies.  The Government does object to a blanket exclusion of Rule 608 and Rule 609 material.

The Court cannot make any determinations regarding the admissibility of impeachment evidence unless and until Lattimore decides to testify and the Government identifies prior crimes that it wishes to use in cross-examining her.  In the event Lattimore decides to testify, the Government must give the Court advance notice of any Rule 608 or Rule 609 material it seeks to use in cross-examination so that the Court can resolve any disputes regarding such material outside the presence of the jury.  If defense counsel believes that Lattimore is entitled to resolution of this issue before Lattimore testifies, counsel shall advise the Court at the jury instruction conference.

The motion is DEFERRED.

IT IS SO ORDERED.

Dated:  December 16, 2022

_____
BETH LABSON FREEMAN
United States District Judge