United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

YVONNE LATTIMORE,

Defendant.

Case No. 19-cr-00046-BLF-1

**ORDER AFTER PRELIMINARY REVIEW OF § 2255 MOTION; AND DENYING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

[Re: ECF 343, 344]

On May 15, 2023, a jury convicted Defendant Yvonne Lattimore ("Lattimore") of three counts of wire fraud, three counts of mail fraud, and two counts of Supplemental Security Income fraud. *See* Verdict Form, ECF 247. The conviction was affirmed on appeal. *See United States v. Lattimore*, 2025 WL 2028109, at *2 (9th Cir. July 21, 2025).

Lattimore has filed a *pro se* motion to vacate her conviction pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") along with an application to proceed *in forma pauperis* ("IFP"). *See* § 2255 Mot., ECF 343; IFP Application, ECF 344. The IFP application is DENIED because no filing fee is required to bring a motion under 28 U.S.C. § 2255.

After conducting a preliminary review of the § 2255 Motion, the Court orders that:

(1) Ground 1 is DISMISSED WITH PREJUDICE to the extent it asserts a violation of Lattimore's Fifth Amendment rights at the time of arrest based on law enforcement officers' alleged failure to provide her with a copy of the Indictment and arrest warrant;

(2) Ground 1 is DISMISED WITH LEAVE TO AMEND to the extent it asserts a violation of Lattimore's Fifth Amendment rights following her arrest based on law enforcement officers' alleged failure to give her the *Miranda* warning before questioning her;

United States District Court
Northern District of California

(3) Grounds 1 and 4 are DISMISSED WITH PREJUDICE to the extent they assert a violation of Lattimore's Sixth Amendment right to conflict-free representation;

(4) Ground 2 adequately asserts a violation of Lattimore's Sixth Amendment right to effective assistance of trial counsel; and

(5) Ground 3 adequately asserts a violation of Lattimore's Fifth Amendment due process rights at trial.

Lattimore SHALL either file an amended § 2255 Motion complying in all respects with the requirements set forth in Section IV below or, in the alternative, advise the Court that she will go forward only on Grounds 2 and 3 of her current § 2255 Motion. If Lattimore elects to go forward on Grounds 2 and 3 of her current § 2255 Motion, the Government will be ordered to respond .

## I. BACKGROUND

In January 2019, Lattimore was charged by Indictment with three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1-3), three counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 4-6), and two counts of Supplemental Security Income fraud in violation of 42 U.S.C. § 1383a(a)(2) (Counts 7-8). *See* Indictment, ECF 1.[1] The charges were based on allegations that Lattimore devised a fraudulent scheme to obtain benefits she was not entitled to collect from the federal Supplemental Security Income ("SSI") program and California's In-Home Supportive Services (IHSS") program. *See id.* ¶¶ 1-20. Those programs provide benefits to aged, blind, or disabled individuals who have limited income and resources. *See id.*

Assistant Federal Public Defender Rhona Taylor was appointed to represent Lattimore in February 2019. *See* Minute Entry, ECF 3. Assistant Federal Public Defender Severa Keith substituted as counsel of record in June 2019. *See* Notice of Substitution, ECF 15. In May 2020, Lattimore requested appointment of new counsel, claiming to have a conflict with every attorney in the Officer of the Federal Public Defender. *See* Letter, ECF 66 (sealed). Attorney Bruce Funk was appointed to represent her in June 2020. *See* Minute Entry, ECF 68. In January 2021, Lattimore again requested new counsel. *See* Minute Entry, ECF 89. Attorney David Plotsky was

---

[1] The Indictment subsequently was amended to correct two typographical errors. *See* Am'd Indictment, ECF 210.

appointed to represent her in February 2021. *See* Minute Entry, ECF 92. Mr. Plotsky withdrew in January 2022, and attorney Mike Hinckley was appointed to represent Lattimore in February 2022. *See* Order, ECF 113; Letter, ECF 114.

Mr. Hinckley spent the next year preparing for trial. In April 2023, a month before trial was scheduled to commence, Lattimore requested new counsel. *See* Minute Entries, ECF 196, 199. Magistrate Judge Nathaneal M. Cousins held two hearings on the matter and ultimately denied Lattimore's request for what would have been her sixth appointed counsel. *See id*. In a written order, Judge Cousins opined that any conflict between Lattimore and Mr. Hinckley was "of Defendant's creation," and that "attorney Hinckley's decisions in this case have been competent and reality-based." *See* Order, ECF 205. Judge Cousins determined that Lattimore's requests of Mr. Hinckley "represented mere disagreements with the attorney's trial strategy and tactics" grounded in Lattimore's "misunderstandings as to criminal and court procedure[.]" *Id*.

Trial commenced on May 8, 2023. *See* Minute Entry, ECF 238. The Government acknowledged that Lattimore had some disabilities and some need for SSI and IHSS benefits, but it argued that Lattimore's "need became greed," motivating her to defraud the federal government and the State of California of thousands of dollars. Trial Tr. Vol. 1 at 14:10-15:17, ECF 299.

After the Government rested, Lattimore advised the Court that she no longer wished Mr. Hinckley's representation and intended to proceed with the remainder of the trial *pro se*. *See* Trial Tr. Vol. 3 at 369:15-370:9, ECF 302. The Court conducted a *Faretta*[2] colloquy and determined that Lattimore had made a knowing and voluntary waiver of the right to counsel and an assertion of the right to represent herself. *See id*. at 371:5-390:7. Mr. Hinckley was appointed as advisory defense counsel. *See id*. Lattimore represented herself for the remainder of the trial. *See id*.

The case went to the jury on May 15, 2023. *See* Minute Entry, ECF 246. The jury deliberated for approximately three hours before returning a verdict of guilty on all eight counts. *See id*. The Court denied Lattimore's motions for a judgment of acquittal and a new trial and sentenced her to a 30-month term of imprisonment followed by a 3-year term of supervised

[2] *Faretta v. California*, 422 U.S. 806 (1975).



United States District Court
Northern District of California

release. *See* Minute Entry, ECF 276. The Court also ordered Lattimore to pay a special assessment in the amount of $800 and restitution in the amount of $369,383.97. *See* Am'd Judgment, ECF 326. The United States Court of Appeals for the Ninth Circuit affirmed Lattimore's conviction in a memorandum filed on July 21, 2025. *See United States v. Lattimore*, 2025 WL 2028109, at *2. She did not file a petition for a writ of certiorari.

Lattimore filed the present § 2255 Motion on October 19, 2026, asserting claims for violations of her rights under the Fifth and Sixth Amendments to the United States Constitution, along with an application to proceed IFP.

## II. IFP APPLICATION

Lattimore has filed an IFP application requesting leave to proceed on her § 2255 Motion without prepaying fees or costs. *See* IFP Application, ECF 344. Her application is unnecessary because no filing fee is required for motions brought under 28 U.S.C. § 2255. *See United States v. Welch*, No. 2:20-CR-00052-DCN, 2024 WL 5186595, at *6 (D. Idaho Dec. 20, 2024) (denying IFP application as unnecessary on the ground that filing fees are not required for § 2255 motions); *United States v. Brown*, No. 2:11-cr-0249 TLN DB P, 2021 WL 5407625, at *1 (E.D. Cal. Nov. 18, 2021) ("No filing fee is required for motions brought under 28 U.S.C. § 2255(a). Therefore, movant's motion to proceed in forma pauperis will be denied as moot.").

Lattimore's application to proceed IFP is DENIED.

## III. PRELIMINARY REVIEW OF § 2255 MOTION

### A. Legal Standard

"Collateral attacks on federal convictions are governed by 28 U.S.C. § 2255, which imposes tight procedural constraints." *Fernandez v. United States*, 608 U.S. 411, 419 (2026). "It carries a one-year statute of limitations." *Id.* (citation omitted). "With very narrow exceptions, a prisoner gets only one shot at collateral relief." *Id.* (citation omitted). "Claims that have already been raised and rejected on direct review typically cannot be relitigated in § 2255 motions." *Id.* (citations omitted). "And claims *not* raised on direct review are procedurally defaulted unless the prisoner can demonstrate cause and prejudice, or else actual innocence." *Id.* (internal quotation marks and citation omitted).

"If the prisoner clears these procedural hurdles, he must demonstrate that the applicable substantive law entitles him to relief." *Fernandez*, 608 U.S. at 419. Specifically, the prisoner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

"The judge who receives the motion must promptly examine it." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.* If the motion is not dismissed, the judge must order the Government to respond. *See id.*

**B. Analysis**

As set forth above, the Court must conduct a preliminary review of Lattimore's § 2255 motion to determine whether the claims therein are subject to summary dismissal or, alternatively, whether the Government should be ordered to respond. The Court first addresses the motion's timeliness. Next, the Court addresses the possibility that the motion may be moot due to Lattimore's completion of her prison term. Finally, the Court addresses Lattimore's claims.

**1. Timeliness**

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255). Where, as here, the defendant files an unsuccessful appeal but does not file a petition for a writ of certiorari, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id.* at 525. The Ninth Circuit affirmed Lattimore's conviction on July 21, 2025. *See United States v. Lattimore*, 2025 WL 2028109, at *2. Her deadline to seek certiorari expired 90 days later, on

October 20, 2025.[3] *See Kemp v. United States*, 596 U.S. 528, 531 (2022) (time to seek certiorari ordinarily expires 90 days after entry of appellate court judgment). Lattimore filed the present § 2255 motion within one year thereafter, on October 19, 2026. *See* § 2255 Mot., ECF 343. The motion therefore appears to be timely.

**2. Mootness**

"[A] defendant seeking relief under 28 U.S.C. § 2255 not only must *be* in custody, he also must *claim the right to be released* from custody." *United States v. Kramer*, 195 F.3d 1129, 1129 (9th Cir. 1999). It appears that Lattimore has completed her term of imprisonment and been released from detention. The Bureau of Prisons ("BOP") inmate locator indicates that she is "Not in BOP Custody as of: 07/21/2025." *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited October 26, 2026). The address provided on Lattimore's § 2255 Motion is a P.O. Box in Salinas, California, which appears to be used by an organization called "Lattimore Community Empowerment Foundation Inc." *See* § 2255 Mot. at 15.

Despite being out of the physical custody of the BOP, "a habeas petitioner remains in the custody of the United States while on supervised release." *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005). Moreover, the petition is not moot where "is a possibility" that the defendant could receive a reduction in the term of supervised release. *Id*. Based on the current record before the Court, it appears that Lattimore remains on supervised release and that there is a possibility she could receive a reduction in the term of supervised release if she were to prevail on her § 2255 Motion. Accordingly, the § 2255 Motion does not appear to be moot. *See Roman v. United States*, No. 15-CR-00264-LHK-8, 2021 WL 4170763, at *3 (N.D. Cal. Sept. 14, 2021) (finding that § 2255 motion was not moot where defendant had been released from BOP custody but remained on supervised release).

---

[3] The 90th day after the Ninth Circuit's affirmance fell on Sunday, October 19, 2025. The time to file a petition for a writ of certiorari therefore was extended to the next court day, Monday, October 20, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

### 3. Claims for Relief

Lattimore asserts four grounds for relief, some containing multiple claims. In Ground 1, she asserts a violation of her Fifth Amendment rights based on law enforcement officers' alleged failure to show her the Indictment and arrest warrant at the time of her arrest and alleged failure to read the *Miranda*[4] warning before questioning her. Also in Ground 1, Lattimore asserts a violation of her Sixth Amendment right to conflict-free representation based Mr. Hinckley's alleged conduct. In Ground 2, Lattimore asserts that Mr. Hinkley provided ineffective assistance in violation of her Sixth Amendment right to effective assistance of counsel. In Ground 3, Lattimore asserts a violation of her Fifth Amendment due process rights based on the Court's alleged rejection of certain evidence presented by Lattimore based on her decision not to testify, and acceptance of certain evidence presented by the Government. In Ground 4, Lattimore asserts a violation of her Sixth Amendment right to conflict-free representation based on the Court's denial of her motion for substitution of counsel on the eve of trial.

#### a. Ground 1 – Fifth Amendment Violations at Arrest/Questioning

In Ground 1, Lattimore asserts a violation of her Fifth Amendment rights based on law enforcement officers' alleged failure to show her the Indictment and arrest warrant at the time of her arrest and alleged failure to read the *Miranda* warning before questioning her.

This claim does not present a cognizable ground for relief under § 2255. There is no constitutional requirement that an arresting officer provide a copy of the Indictment or arrest warrant at the time of an arrest. *See Gonzalez v. Cnty. of Los Angeles*, No. CV 07-2064 FMC (RCX), 2009 WL 10698901, at *10 (C.D. Cal. Apr. 27, 2009) (no constitutional requirement to inform suspect of charges at time of arrest); *United States v. Cramer*, No. 3:17-CR-267-SI, 2019 WL 1048831, at *7 (D. Or. Mar. 5, 2019) (no constitutional requirement that arresting officer possess arrest warrant).

Moreover, "a violation of *Miranda* is not itself a violation of the Fifth Amendment[.]" *Vega v. Tekoh*, 597 U.S. 134, 152 (2022). "The *Miranda* rules are prophylactic rules that the

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 471-74 (1966).

Court found to be necessary to protect the Fifth Amendment right against compelled self-incrimination." *Id*. at 149. Thus, while conduct by law enforcement officials prior to trial may impair the right against self-incrimination, a constitutional violation occurs only at trial." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990). Lattimore has not identified any statements that were obtained in violation of *Miranda* and used at trial. Her bare allegation that she was not given the *Miranda* warning does not provide a ground for relief under § 2255. However, Lattimore may be able to amend this Fifth Amendment claim to allege that statements obtained in violation of *Miranda* were used against her at trial.

Accordingly, Lattimore's Fifth Amendment claim based on the alleged failure to provide her with a copy of the Indictment and arrest warrant at the time of arrest is DISMISSED WITH PREJUDICE. Her Fifth Amendment claim based on the alleged violation of *Miranda* is DISMISSED WITH LEAVE TO AMEND.

**b. Grounds 1 and 4 – Violation of Sixth Amendment Right to Conflict-Free Representation**

In Grounds 1 and 4, Lattimore asserts that her representation by Mr. Hinckley, and the Court's denial of her request for new counsel, violated her Sixth Amendment right to conflict-free representation. That claim was raised in her direct appeal and rejected by the Ninth Circuit. *See United States v. Lattimore*, 2025 WL 2028109, at *1-2. The Ninth Circuit determined that "[t]he district court adequately inquired into the extent of the conflict," and that "[t]he conflict between Lattimore and her attorney was neither irreconcilable nor substantial enough to warrant substitution." *Id*. at *2.

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) ("§ 2255 may not be used as a chance at a second appeal."); *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

United States District Court
Northern District of California

Accordingly, Lattimore's claims for violation of her Sixth Amendment right to conflict-free representation are DISMISSED WITH PREJUDICE.

**c. Ground 2 – Ineffective Assistance of Counsel in Violation of the Sixth Amendment**

In Ground 2, Lattimore asserts that her trial counsel, Mr. Hinckley, provided ineffective assistance in violation of her rights under the Sixth Amendment.

In *Strickland v. Washington*, 466 U.S. 668, 684 (1984), the Supreme Court "recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." The Sixth Amendment right "is the right to the *effective* assistance of counsel." *Id*. at 686 (internal quotation marks and citation omitted, italics added). The *Strickland* court articulated a two-prong test for evaluating a claim of ineffective assistance of counsel. First, the defendant must establish that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Second, the defendant must establish prejudice resulting from counsel's deficient performance. *Id*. at 694. The *Strickland* test applies to ineffective assistance claims raised in § 2255 motions. *See United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022).

Lattimore alleges that Mr. Hinckley's representation of her was deficient in numerous ways, including his alleged failures to adequately investigate the case, subpoena witnesses, interview exculpatory witnesses, and present any defense theory whatsoever. *See* § 2255 Motion at 7-8. Lattimore contends that she was prejudiced by those alleged deficiencies, asserting among other things that some witnesses Mr. Hinckley failed to investigate "could have swung the case in defendant's favor." *Id*. Her allegations state a colorable claim for ineffective assistance of counsel.

The Government SHALL respond to this claim as directed in Section IV, below.

**d. Ground 3 – Fifth Amendment Violations at Trial**

In Ground 3, Lattimore asserts that the Court violated her Fifth Amendment due process rights by "refusing to accept Defendant's evidence of the Social Security Administrations annual SSI Renewal Transcript at trial[.]" § 2255 Mot. at 9. Lattimore claims that the Court refused to

accept that evidence because she declined to testify. *See id*. Lattimore also asserts that the Court improperly accepted the testimony of the Government's witness Ms. Fe Nadine Fung. *See id*.

A due process challenge to the trial court's evidentiary rulings is cognizable under § 2255. *See Berry*, 624 F.3d at 1039; *see also Schroeder v. Premo*, 712 F. App'x 634, 636 (9th Cir. 2017) ("The erroneous exclusion of defense evidence may violate the Fifth Amendment due process right to a fair trial[.]"). In order to succeed on the claim, Lattimore must establish that the Court's evidentiary rulings were so arbitrary as to render the trial unfair. *See Berry*, 634 F.3d at 1040; *Schroeder*, 712 F. App'x at 636. Whether Lattimore can make that showing is a question for another day. On preliminary review, the Court finds that she has stated a colorable Fifth Amendment due process claim based on the Court's evidentiary rulings at trial.

In light of her allegation that the Court excluded her evidence because she declined to testify, it appears that Lattimore also may be asserting that the Court penalized her with adverse rulings because she exercised her Fifth Amendment right against self-incrimination. "Due process requires that defendants be able to exercise their constitutional right to remain silent and not be penalized at trial for doing so." *United States v. Bushyhead*, 270 F.3d 905, 912 (9th Cir. 2001). Construing her allegations liberally, the Court finds that Lattimore has stated a colorable due process claim under this theory as well.

The Court observes that Lattimore did not raise a due process claim based on the Court's evidentiary rulings in her direct appeal. "If a defendant fails to raise a claim on direct review, the claim is 'procedurally defaulted,' and the defendant may raise it via a § 2255 motion only if he can demonstrate either cause and actual prejudice or his actual innocence." *United States v. Draper*, 84 F.4th 797, 801 (9th Cir. 2023). However, "[b]ecause procedural default is an affirmative defense, the defendant does not bear the burden of pleading cause and prejudice in his motion." *Id*. (internal quotation marks and citation omitted). The Government may raise the defense of procedural default, if appropriate, in its response this claim.

The Government SHALL respond to this claim as directed in Section IV, below.

//

//

United States District Court
Northern District of California

**IV. ORDER**

(1) Ground 1 is DISMISSED WITH PREJUDICE to the extent it asserts a violation of Lattimore's Fifth Amendment rights at the time of arrest based on law enforcement officers' alleged failure to provide her with a copy of the Indictment and arrest warrant.

(2) Ground 1 is DISMISED WITH LEAVE TO AMEND to the extent it asserts a violation of Lattimore's Fifth Amendment rights after her arrest based on law enforcement officers' alleged failure to give her the *Miranda* warning before questioning her.

(3) Grounds 1 and 4 are DISMISSED WITH PREJUDICE to the extent they assert a violation of Lattimore's Sixth Amendment right to conflict-free representation.

(4) Ground 2 adequately asserts a violation of Lattimore's Sixth Amendment right to effective assistance of trial counsel.

(5) Ground 3 adequately asserts a violation of Lattimore's Fifth Amendment due process rights at trial.

(6) Not later than December 17, 2026, Lattimore SHALL either file an amended § 2255 Motion or, in the alternative, advise the Court that she will go forward only on Grounds 2 and 3 of her current § 2255 Motion. If Lattimore does not file an amended § 2255 Motion by December 17, 2026, the Court will presume that she wishes to go forward only on Grounds 2 and 3 of her current § 2255 Motion and will dismiss Ground 1 with prejudice to the extent it asserts a Fifth Amendment claim based on *Miranda*.

(7) If Lattimore elects to amend her § 2255 Motion, she must file an entirely new motion captioned as an "Amended" motion. Any amended motion must contain all relevant claims, arguments, and supporting documents. Incorporation of any portion of the original § 2255 Motion is not permitted.

(8) If Lattimore elects to go forward only on Grounds 2 and 3 of her current § 2255 Motion, either by filing an affirmative election or failing to file an amended § 2255

United States District Court
Northern District of California

Motion within the time provided, the Government SHALL respond to the claims set forth in Grounds 2 and 3 of Lattimore's current § 2255 Motion by filing an answer or a motion to dismiss. Such answer or motion to dismiss is due within 60 days after Lattimore files an affirmative election to go forward only on Grounds 2 and 3 of her current § 2255 Motion or the time to file an affirmative election expires.

(9) If the Government files an answer, Lattimore may file an optional reply within 30 days after the answer is filed. If the Government files a motion to dismiss, Lattimore may file an opposition within 30 days after the motion is filed, and the Government may file a reply within 15 days after the opposition is filed.

(10) The Clerk shall serve the Government with a copy of Lattimore's § 2255 Motion and a copy of this order.

Dated: November 17, 2026

BETH LABSON FREEMAN
United States District Judge